Johnson, J.,
dissenting. The entire case of the plaintiff against The Cranberry Mutual Telephone Company is predicated on the fact that the defendant had not secured the certificate referred to in Section 614-52. That section absolutely prohibits the exercise of a franchise granted by a municipality to a telephone company unless the certificate of the Public Utilities Commission is first secured. By the express provisions of Section 4, Article XVIII of the Constitution (the Home Rule Amendment), and by the decisions of this court construing and enforcing that amendment, the municipality had plenary powers to contract for the furnishing of such service. It is equally well settled that a franchise- *534 ordinance when accepted becomes a contract “and the rights of the parties thereunder are to be determined by the contract itself.”
The decisions referred to are recent and familiar, and the propositions stated are nowhere disputed.
Therefore, we have in this case, the Cranberry case, this undisputed situation, to-wit: a telephone company, operating a public utility for the furnishing of the service thereof, and a municipality make a franchise-contract, and it is contended that noncompliance with the provisions of Section 614-52, General Code, prevents the exercise of that franchise. Pertinent parts of that section are as follows: “No telephone company shall exercise any * * * franchise * * * to * * * operate a plant for the furnishing of any telephone service, thereunder in any municipality * * * where there is in operation a telephone company furnishing adequate service, unless such telephone company first secures from the commission a certificate * * * that the exercising of such * * * franchise is proper and necessary for the public convenience.”
Now consider, that section. It does not purport to prohibit the making of the franchise-contract. It does not attempt to place the slightest limit on the power or capacity of the public utility company to make the contract.
On the contrary this very section recognizes and asserts the full capacity of the telephone company, because, by its plain provisions, if the certificate of necessity for the service in the municipality is given, the contract may be carried out. The only language in the section touching the franchise-contract is that *535 it shall not be exercised in a municipality where there is a telephone company furnishing adequate service, unless the certificate is first secured from the commission as to the necessity of the furnishing of the service in the municipality.
That is, Section 614-52 says to the telephone company you can perform your contract and furnish the service if you secure the certificate from the commission that the municipality needs the service. You have full power to contract and bind yourself, so far as you are concerned, but the municipality shall not have power to decide whether it needs the service. That matter will be decided for the municipality by the Public Utilities Commission. The legislature will set aside the constitution and take away from the municipality “the plenary power to deal with the subject,” which is expressly conferred by the constitution.
The language of the constitution is: “Any municipality may acquire * * * and operate * * * any public utility the product or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service.”
it seems clear to me that Section 614-52, General Code, is a direct and plain denial of this constitutional right. A vital and essential element in the making up of the capacity and power to contract is the right and power to decide whether one needs the thing to be contracted for. This power conferred by the constitution on the municipality is taken away from it by Section 614-52, General Code, and conferred upon the Public Utilities Commission.
*536 Section 614-52, in the respects stated, is void simply because it is inconsistent with the constitution. There is no equivalent for a constitutional provision.